CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 29 2014

JULIA C. DUDLEY, CLERK
BY: /s/ 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ONEAL SCALES, | ) |
|     Plaintiff, | ) Civil Action No. 7:13CV00597 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| BYRON TRAVIS MARKHAM, et al., | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
|     Defendants. | ) |

In this action, which was removed from the Circuit Court for the City of Roanoke, the plaintiff claims that he was attacked and severely beaten by the defendants while he was confined at the Roanoke City Jail. The plaintiff asserts federal and state constitutional claims against the defendants, as well as state tort claims for assault, battery, and intentional infliction of emotional distress. The defendants have moved to dismiss the plaintiff's state law claims, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the basis that they are barred by the one-year statute of limitations set forth in Virginia Code § 8.01-243.2. For the reasons that follow, the court will grant the defendants' motions.

### Factual and Procedural Background

On August 18, 2011, the plaintiff, Oneal Scales, was arrested and transported to the Roanoke City Jail. The next day, Scales was "attacked and severely beaten" by Byron Travis Markham, William A. Belanger, and Thomas Boone, who were "deputies, officers and/or employees of the Sheriff for the City of Roanoke." Compl. ¶ 2, Docket No. 1-1.

Following the attack, Scales was left unattended in his cell for several hours. Upon being found in a "comatose" state, Scales was rushed to the hospital, where he was diagnosed with a traumatic brain injury and a skull fracture. Id. ¶¶ 12-13. A portion of his skull had to be removed, and he "continues to suffer serious and permanent injuries." Id. ¶ 15.

On August 16, 2013, Scales filed the instant action against Markham, Ballenger, and Boone in the Circuit Court for the City of Roanoke. In Count I of his complaint, Scales alleged that the defendants violated his rights under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and his rights under Article I, §§ 9 and 11 of the Constitution of Virginia, by attacking and beating him without any justification. In Count II, Scales asserted claims for assault and battery. In Count III, he asserted a claim for intentional infliction of emotional distress.

On December 20, 2013, Boone removed the case to this court on the basis of federal question jurisdiction. All three defendants then moved to dismiss Scales' claims under state law on the basis that they are barred by the governing statute of limitations. Specifically, the defendants argued that these claims are based upon the conditions of Scales' confinement at the Roanoke City Jail; that Virginia Code § 8.01-243.2 prescribes a one-year statute of limitations for claims relating to conditions of confinement; and that the one-year period expired before the instant action was filed. In response, Scales argued that § 8.01-243.2 is not applicable to his claims under state law, because they do not relate to his conditions of confinement, and because he was no longer confined at the time the action was filed. The latter argument was supported by this court's decision in Jackson v. Fletcher, No. 7:09CV00408, 2011 U.S. Dist. LEXIS 4577, at *29 (W.D. Va. Jan. 18, 2011), in which the court held that "the plaintiff's status at the time he files suit ... determines whether [§ 8.01-243.2] applies."

The court held a hearing on the defendants' motions on April 28, 2014. On April 17, 2014, eleven days before the hearing, the Supreme Court of Virginia issued an opinion in Lucas v. Woody, 756 S.E.2d 447 (Va. 2014). In Lucas, the Supreme Court of Virginia considered for the first time "whether a plaintiff who brings a personal injury action relating to the conditions of her

2

confinement in a state or local correctional facility must be incarcerated at the time her cause of action is filed in order for the statute of limitations in Code § 8.01-243.2 to be applicable to that action." Id. at 447-48. In a four to three decision, the Supreme Court of Virginia answered this question in the negative:

> We rule that the statute of limitations provision in Code § 8.01-243.2 applies to all personal actions relating to the conditions of an individual's confinement regardless of whether the plaintiff is still incarcerated when such action is filed.

Id. at 451.

Following the April 28, 2014 motions hearing, the parties submitted supplemental briefs on the issue of whether Lucas should be applied in the instant action, which was filed before Lucas was decided. In his supplemental briefs, Scales requested that the court postpone its decision on the defendants' motions pending a ruling on a petition for rehearing in Lucas. That petition has since been denied. The defendants' motions are now ripe for review.

### Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive dismissal under this rule, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When ruling on a motion to dismiss for failure to state a claim, the court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in the plaintiff's favor. Vitol, S.A. v. Primerose Shipping Co., 708 F.3d 527, 539 (4th Cir. 2013). The court may consider "the complaint, exhibits attached to the complaint, matters of public record, and judicially noted facts." Bartlett v. Frederick Cnty., 246 F. App'x 201, 205 (4th Cir. 2007).

3

"Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious defense." Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996). One such defense is that the governing statute of limitations has run on a claim for relief. Id.; see also United States v. Kivanc, 714 F.3d 782, 789 (4th Cir. 2013) ("The statute of limitations is an affirmative defense that may be raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim.").

## Discussion

The defendants assert that Scales' claims under state law are barred by the one-year statute of limitations set forth in Virginia Code § 8.01-243.2.[1] That statute, which has not been amended since 1999, provides as follows:

> No person confined in a state or local correctional facility shall bring or have brought on his behalf any personal action relating to the conditions of his confinement until all available administrative remedies are exhausted. Such action shall be brought by or on behalf of such person within one year after cause of action accrues or within six months after all administrative remedies are exhausted, whichever occurs later.

Va. Code § 8.01-243.2. To resolve the issue raised by the defendants, the court must determine whether this is "[s]uch action . . . brought by . . . such person." Id.

### I. The "Such Action" Requirement

The first requirement that must be satisfied in order for § 8.01-243.2 to apply to a plaintiff's action is that "[s]uch action" must be a "personal action relating to the conditions of his confinement." Id.; see also Bing v. Haywood, 722 S.E.2d 244, 246 (Va. 2012) ("For the one-year

---

[1] The defendants concede that Scales' claims under federal law are governed by the longer two-year statute of limitations set forth in Virginia Code § 8.01-243(A), and that those claims were timely filed. See, e.g., Lewis v. Richmond City Police Dep't, 947 F.2d 733, 735 (4th Cir. 1991).

4

provision . . . to apply, . . . the cause of action must relate to plaintiff's 'conditions of confinement.'") (quoting Va. Code § 8.01-243.2).

In this case, each of Scales' state tort and constitutional claims is based on a physical attack that the plaintiff allegedly suffered at the hands of the defendants while he was incarcerated at the Roanoke City Jail. Consistent with existing case law, the court concludes that these claims relate to Scales' conditions of confinement at the jail and, thus, satisfy the "[s]uch action" requirement. See Billups v. Carter, 604 S.E.2d 414, 416, 419 (Va. 2004) (holding that an inmate's claims for assault and battery were governed by § 8.01-243.2 where the inmate alleged that a prison employee forced her to engage in sexual acts); see also Gamaehlich v. Johnson, No. 7:12CV00263, 2013 U.S. Dist. LEXIS 20147, at *15-17 (W.D. Va. Feb. 14, 2013) (holding that a pretrial detainee's state tort claims were governed by § 8.01-243.2 where the detainee alleged that he was beaten by the defendant deputies); Harris v. Commonwealth, No. 3:07CV701, 2008 U.S. Dist. LEXIS 33834, at *15 (E.D. Va. Apr. 24, 2008) (holding that § 8.01-243.2 governed an inmate's state tort claims where the plaintiff alleged that correctional officers pushed him down a stairwell and into a wall).

## II. The "Such Person" Requirement

At the time the parties' initial briefs were filed, the "such person" requirement of § 8.01-243.2 was the source of greater contention. While the defendants maintained that the term refers to any person who brings a personal action relating to the conditions of his confinement, Scales asserted that the term refers to a person who is still confined in a state or local correctional facility. Since Scales was no longer confined at the time this action was filed, Scales argued that § 8.01-243.2 is inapplicable to his claims under state law.

5

After the parties' initials briefs were filed, this dispute was resolved by the Supreme Court of Virginia's four to three decision in Lucas v. Woody, 756 S.E.2d 447 (Va. 2014). In Lucas, the plaintiff argued, as Scales did here, that "the applicability of the statute of limitations is dependent upon whether a plaintiff is confined at the time he or she brings an action relating to conditions of confinement." Lucas, 756 S.E.2d at 450. While the Supreme Court of Virginia recognized, in the majority opinion authored by Justice Goodwyn, that the plaintiff's interpretation could be supported by the language of the statute, the Court ultimately held that such an interpretation would result in "anomalous" and "bizarre" results:

> Having the applicability of a statute of limitations change based upon the confinement status of the plaintiff at the time a lawsuit is filed, rather than the particular cause of action asserted and the plaintiff's status at the time the action accrued would be anomalous. It would result in two different and shifting statutes of limitations for the same cause of action relating to a plaintiff's conditions of confinement. It would create uncertainty concerning when the statute of limitations for personal actions relating to confinement has run because a claim barred by the statute of limitations in Code § 8.01-243.2 could be revived by a change in a plaintiff's confinement status and a resulting change in the applicable statute of limitations. Reading the statute as Lucas suggests, such that the applicability of Code § 8.01-243.2 is dependent upon the plaintiff's confinement status at the time suit is filed, would produce bizarre results. For instance, it would allow a cause of action otherwise barred by the statute of limitations to be revived upon the individual's release from incarceration, and then, perhaps, to be extinguished once again if the individual is reincarcerated before filing suit. The purpose of a statute of limitations is to provide parties and potential parties certainty with regard to when a cause of action is extinguished; the interpretation of Code § 8.01-243.2 urged by Lucas would do the opposite.

Id. The Supreme Court of Virginia also emphasized that the Virginia General Assembly "clearly intended to impose a defined end-point" for the commencement of claims relating to conditions of confinement, and that there was "no obvious rationale which explains how exempting individuals from that statute of limitations upon release from incarceration would further that intent." Id. at 451. The Supreme Court of Virginia ultimately ruled that "the statute of limitations provision in

6

Code § 8.01-234.2 applies to all personal actions relating to the conditions of an individual's confinement regardless of whether the plaintiff is still incarcerated when such action is filed." Id.

### III. Retroactive Application of Lucas

Because Lucas was not decided until after the instant action was filed, the court must determine whether the holding in Lucas should be applied retroactively so as to bar Scales' claims under state law. The defendants argue that this question is easily answered in the affirmative, since the Supreme Court of Virginia applied its interpretation of § 8.01-234.2 to the parties before it in Lucas. If the retroactivity question in this case involved a decision of the United States Supreme Court on a rule of federal law, the defendants would undeniably be correct. In Harper v. Virginia Department of Taxation, 509 U.S. 86 (1993), the Supreme Court held that "[w]hen [it] applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the Court's] announcement of the rule. Harper, 509 U.S. at 97. The question actually presented in this case, however, is whether a decision by the Supreme Court of Virginia on a matter of state law is entitled to retroactive effect. To answer this question, the court must defer to state law. See id. at 100 (recognizing that state courts remain free "to limit the retroactive operation of their own interpretations of state law") (citing Great Northern R. Co. v. Sunburst Oil & Refining Co., 287 U.S. 358, 364-66 (1932)).

Since Harper was decided, the Supreme Court of Virginia has continued to use "equitable principles" to determine whether a state court decision should be applied retroactively or prospectively. City of Richmond v. Blaylock, 440 S.E.2d 598, 599 (Va. 1994). These principles allow a decision to be applied "prospectively only" if:

> (1) the decision sought to be applied retroactively established a new principle of law either by overruling clear past precedent on which litigants may have relied or

7

by deciding an issue of first impression whose resolution was not clearly foreshadowed, (2) the retroactive application of the new rule would further retard its operation, and (3) substantial inequity would result if the new law were applied retrospectively.

Id.[2] The same test has been used by other courts tasked with considering whether to apply a Virginia state court decision retroactively. See, e.g., Al Shimari v. CACI Int'l, Inc., 933 F. Supp. 2d 793, 802 (E.D. Va. 2013); Fieldcrest Cannon, Inc. v. Marshall, No. 2567-96-2, 1997 Va. App. LEXIS 195 (Va. Ct. App. Apr. 1, 1997); Fox v. Rich Prods. Corp., 34 Va. Cir. 403, 406 (Va. Cir. Ct. 1994). Therefore, the court will apply the test set forth in Blaylock to determine whether Lucas should be given retroactive effect.

### A. New Principle of Law

The first factor requires the court to consider whether Lucas established a "new principle of law," either by overturning clear past precedent, or deciding an issue of first impression that was not clearly foreshadowed. Blaylock, 440 S.E.2d at 599. It is undisputed that the specific issue presented in Lucas – whether the statute of limitations in § 8.01-243.2 applies when the plaintiff is no longer incarcerated at the time the plaintiff files an action relating to conditions of confinement – was one of first impression.[3] While the defendants argue that the holding in Lucas was clearly foreshadowed by the Supreme Court of Virginia's earlier decision in Bing v. Haywood, 722 S.E.2d 244 (Va. 2012), the court is unable to agree.

---

[2] This test is derived from the United States Supreme Court's decision in Chevron Oil Co. v. Huson, 404 U.S. 97 (1971). While the Supreme Court's subsequent decision in Harper "cast[s] serious doubt" upon the continuing "vitality" of this test in cases involving federal law, Fairfax Covenant Church v. Fairfax Cnty. Sch. Bd., 17 F.3d 703, 710 (4th Cir. 1994), courts in Virginia continue to consider equitable principles in determining whether a decision on state law should be applied retroactively.

[3] Although this issue had been discussed in several federal district court decisions, including this court's decision in Jackson v. Fletcher, No. 7:09CV00408, 2011 U.S. Dist. LEXIS 4577 (W.D. Va. Jan. 18, 2011), these decisions had no binding precedential value. See Virginia Soc'y for Human Life v. Caldwell, 152 F.3d 268, 270 (4th Cir. 1998) (emphasizing that federal district courts "lack[] jurisdiction to authoritatively construe state legislation," and that "such a ruling by a federal district court is not binding upon state courts") (internal citation and quotations marks omitted).

8

In Bing, the Supreme Court of Virginia was presented with the issue of whether state tort claims brought by a pre-trial detainee were subject to § 8.01-243.2's one-year statute of limitations. Bing, 722 S.E.2d at 245-47. After reciting the statute, the Court stated as follows: "For the one-year provision in Code § 8.01-243.2 to apply, the plaintiff must have been 'confined' at the time the cause of action accrued, and the cause of action must relate to plaintiff's 'conditions of confinement.'" Id. at 246 (quoting Va. Code § 8.01-243.2). Although the plaintiff argued that she was not "confined" within the meaning of the statute, and that her claims did not relate to her conditions of confinement, the Court disagreed. Id. Applying the Black's Law Dictionary definition of the term "confine," the Supreme Court of Virginia concluded that the pre-trial detainee was "'confined' within the meaning of Code § 8.01-243.2" and that her "status as a pre-trial detainee [was] immaterial to this determination." Id. at 247. The Court also concluded that the pre-trial detainee's state tort claims related to the conditions of her confinement, since they were based on a body cavity search that she underwent at the regional correctional facility where she was detained. Id. Accordingly, the Supreme Court of Virginia held that the trial court did not err in concluding that the pre-trial detainee's claims were barred by the one-year statute of limitations in § 8.01-243.2. Id.

The question presented two years later in Lucas, of whether § 8.01-243.2 applies when the plaintiff is no longer incarcerated at the time the plaintiff brings claims related to her conditions of confinement, "was not directly addressed in Bing." Lucas, 756 S.E.2d at 450. Nor can it be said that Bing "clearly foreshadowed" the holding in Lucas. Blaylock, 440 S.E.2d at 599 (emphasis added).

Bing and Lucas were both decided by the Supreme Court of Virginia's seven active justices. Although Bing was a unanimous decision, the justices divided four to three in Lucas,

9

with the majority holding that § 8.01-243.2 "applies to all personal actions relating to the conditions of an individual's confinement regardless of whether the plaintiff is still incarcerated when such action is filed." Lucas, 756 S.E.2d at 451. The dissent, authored by Justice Millette, opined that the majority's holding was contrary to the plain language of the statute, and that the "the plain language is clear": "The statute of limitations provision in Code § 8.01-243.2 applies only if two requirements are met: if '[s]uch action' is a 'personal action relating to the conditions of [the plaintiff's] confinement,' and that personal action is 'brought by or on behalf of such person,' who is a 'person confined in a state or local correctional facility.'" Id. at 452 (Millette, J., dissenting). The dissent emphasized that its reading of the statute was based on the same method of statutory construction previously utilized in Bing, and that it "st[ood] to reason that [the] Court should also employ this method . . . in [Lucas]." Id. While the majority recognized that the dissent's interpretation of § 8.01-243.2 "c[ould] be supported by the language of the statute," the majority ultimately determined that this interpretation would frustrate the underlying intentions of the General Assembly and produce "bizarre results." Id. at 450-51.

Having carefully considered both of the Supreme Court of Virginia's most recent decisions on § 8.01-243.2, the court is convinced that the majority's holding in Lucas was not clearly foreshadowed by the decision in Bing. This conclusion is supported, if not compelled, by the fact that the dissent relied on Bing to support its contrary interpretation of the statute. Accordingly, the first factor militates against applying Lucas retroactively.

### B. Purposes of Lucas

At the second step of the retroactivity analysis, the court must examine the purposes of the rule established in Lucas and whether they would be furthered by retroactive application. See Blaylock, 440 S.E.2d at 599. Unlike the first factor, this factor clearly weighs in favor of giving

10

Lucas retroactive effect. As the majority opinion makes clear, the primary purposes of the holding in Lucas were to promote uniformity in the treatment of personal actions relating to conditions of confinement, and to "provide parties and potential parties certainty with regard to when a cause of action is extinguished." Lucas, 756 S.E.2d at 450. The court agrees with the defendants that these particular goals would be furthered by applying the majority's interpretation of § 8.01-243.2 to all state law claims related to conditions of confinement, regardless of whether the claims were filed before Lucas was decided.

### C.     The Equities of Retroactive Application

The final factor requires the court to consider the equities of retroactive application. While Scales argues that it would be unfair to apply Lucas to his preexisting claims under state law, the court is unable to conclude that this would result in "substantial inequity." Blaylock, 440 S.E.2d at 599. As the defendants emphasize in their supplemental briefs, the Supreme Court of Virginia did not withhold application of its decision in Lucas to the plaintiff's claim in that case, even though it involved an issue of first impression. While this fact, in and of itself, is not dispositive of the retroactivity issue, it nonetheless supports the conclusion that it would not be inequitable to apply the same rule in the instant case. See Garman v. Campbell Cnty. Sch. Dist. No. 1, 462 F. App'x 785, 791 (10th Cir. 2012). Additionally, the court notes that the defendants have challenged the timeliness of Scales' state law claims from the start of the instant action, and that this is not a case in which the plaintiff would be abruptly deprived of a judgment in his favor. See, e.g., Smith v. City of Pittsburgh, 764 F.2d 188, 196 (3d Cir. 1985) (holding that it would not be inequitable to retroactively apply a new decision by the United States Supreme Court on the applicable statute of limitations, since the case was "not [one that had been] tried or in which there was already massive discovery"). This is also not a case in which the plaintiff would be left with

11

no remedy for the defendants' alleged misconduct. As noted above, Scales' federal claims against the defendants were timely filed, and those claims remain pending. Finally, the court is of the opinion that any hardship to Scales is outweighed by the interests of uniformity and certainty that the Lucas majority desired to promote.

## Conclusion

In sum, the court concludes that although Lucas decided an issue of first impression that was not clearly foreshadowed, the balance of the factors set forth in Blaylock weighs in favor of retroactively applying Lucas's holding in the instant case. Under Lucas, the plaintiff's state law claims, each of which relate to his conditions of confinement at the Roanoke City Jail, are barred by the one-year statute of limitations set forth in Virginia Code § 8.01-243.2. Accordingly, the court will grant the defendants' motions to dismiss the state law claims.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 29th day of September, 2014.

_____
Chief United States District Judge

12

Case 7:13-cv-00597-GEC   Document 45   Filed 09/29/14   Page 12 of 12   Pageid#: 259